# In the United States Court of Federal Claims
(Pro Se)

|  |  |
|---|---|
| JULIO ARMANDO BRUNET ) | |
| <u>On behalf of</u> ) | |
| THE KINGDOM OF BRUNET, ) | |
| ) | No. 20-1397C |
| Plaintiff, ) | (Filed: February 24, 2021) |
| ) | |
| v. ) | |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

**KAPLAN, Judge.**

Plaintiff Julio Armando Brunet, proceeding pro se (purportedly on behalf of an entity he calls "The Kingdom of Brunet"), filed this civil action against the United States on October 13, 2020. Compl., Docket No. 1. Simultaneously, he filed an Application to Proceed In Forma Pauperis ("IFP application"), Docket No. 2.

In support of his complaint, Plaintiff includes a supplementary 65-page handwritten document intended to outline the bases of his claims, Docket No. 1-3, and a typed document consisting of 17 appendices to that handwritten document. Docket No. 1-4. Plaintiff also filed a motion alleging that the case is captioned incorrectly, and requesting an order directing the Office of the Clerk to substitute "The Kingdom of Brunet" in place of Julio Armando Brunet. Mot. to Remove Pl. from Case ("Pl.'s Mot."), Docket No. 13. According to Mr. Brunet, in this case he is acting on behalf of the Kingdom, which is the true plaintiff and the "real owner of [Armando] Brunet (body)." Pl.'s Mot.; <u>see also</u> IFP application at 1.

On December 11, 2020, the government filed a motion to dismiss Mr. Brunet's complaint for lack of subject-matter jurisdiction and/or failure to state a claim pursuant to Rules 12(b)(l) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss, Docket No. 12. Plaintiff has not responded to the government's motion.

For the reasons set forth below, Mr. Brunet's Motion to Proceed in forma pauperis is **DENIED** and the case is **DISMISSED** in accordance with 28 U.S.C. § 1915(e)(2)(B)(i). The government's motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim is therefore **DENIED** as moot.

**DISCUSSION**

Mr. Brunet is currently incarcerated at the Yazoo City Federal Correctional Complex in Mississippi. Mr. Brunet's complaint broadly accuses the United States of "unlawful imprisonment," alleging that the government "failed to release" the body of "Julio Armando Brunet" to whom he refers to in the third person. Compl. at 1. Plaintiff alleges that he is owed hundreds of millions of dollars in "tort conversion" damages arising from the "unlawful use, dominion, and incarceration" of "the body" by the United States. App. to Compl. at 1, 32, Docket No. 1-3; Pl.'s Mot. at 19–20. Plaintiff also seeks an "in camera and personam hearing," App. to Compl. at 11, a protective order, id. at 63, the issuance of a diplomatic passport, id. at 64, and, ostensibly, his release from federal custody, id. at 25.

The plaintiff's allegations are laid out in more than 100 pages of repetitive, disjointed, assertions laced with legal jargon. Mr. Brunet alleges that the United States has breached a "contractually binding agreement" based on allegedly "valid, lawful, enforceable 'contracts,' real or presumed, expressed or implied, revealed or unrevealed." App. to Compl. at 43, 45. Presumably, Plaintiff refers to what he goes on to describe as the "'social compact' (contract) known as the Constitution (charter) of the United States." Id. at 48.

In addition to repeatedly alleging "tort conversion," Plaintiff alleges that the United States has wrongfully incarcerated him, and/or that the "true" plaintiff—the Kingdom of Brunet—has been deprived of some property (plaintiff's body?) by way of that incarceration. App. to Compl. at 1. Finally, Plaintiff's motion to change the case caption alleges additional unspecified violations of Article 5 of the United Nations' Universal Declaration of Human Rights, Pl.'s Mot. at 9, and various provisions of the United States Constitution, id. at 15.

As noted, Mr. Brunet is seeking leave to proceed in forma pauperis in this case. "Section 1915 of Title 28 enables federal courts to allow a person to commence an action without prepayment of court fees, so long as the person provides a sworn affidavit establishing his or her inability to pay." Manning v. United States, 123 Fed. Cl. 679, 681 (2015). However, § 1915 requires the court to dismiss a complaint filed in forma pauperis if it "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).[1] "Frivolous" refers not just to "the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Though the court may not dismiss an in forma pauperis complaint simply because it finds the factual allegations therein "unlikely," Denton v. Hernandez, 504 U.S. 25, 33 (1992), it has an obligation to dismiss "claims describing fantastic or delusional scenarios," Neitzke, 490 U.S. at 327–28. Accordingly—and in contrast with a motion to dismiss for failure to state a claim, in which the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff," Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011)—§ 1915(e)(2)(B)(i) grants the court "the unusual power to

---

[1] For the purposes of title 28 of the United States Code, this Court has the jurisdiction to adjudicate applications to proceed in forma pauperis. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be a "court of the United States" for purposes of 28 U.S.C. § 1915).

pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327.

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992); see, e.g., Jackson v. United States, 612 F. App'x 997, 999 (Fed. Cir. 2015) (affirming dismissal of a "claim seeking $10 billion from the United States for the use of his purported hurricane prevention device"); Manning, 123 Fed. Cl. at 684–85 (dismissing as irrational and wholly incredible plaintiff's allegations that he had created an interstellar spaceship and weather machine and seeking $1 trillion in damages based on the alleged infringement or taking of intellectual property by the United States).

After carefully attempting to parse each of the Plaintiffs' claims, the Court finds "that no part of the complaint is grounded in factual or legal reality." Double Lion Uchet Express Tr. v. United States, 149 Fed. Cl. 415, 422 (2020). Plaintiff alleges that he is acting as the "authorized representative" of an entity "created in Spain by the Brunet's family," and thus should be treated as a foreign entity, and that the Kingdom owns the "private portable real estate (the body) of" Armando Brunet and is entitled to demand the release of such as private property. App. to Pl.'s Mot. at 2–4, 10, Docket No. 13-1. These "fanciful factual allegation[s]," which appear to constitute the gravamen of the complaint and Mr. Brunet's other filings, fall squarely within the purview of those which § 1915(e)(2)(B)(i) obligates this Court to dismiss. Neitzke, 490 U.S. at 325.

## CONCLUSION

In accordance with the foregoing, Plaintiff's application to proceed in forma pauperis, Docket No. 2, is **DENIED**. In addition, having found Mr. Brunet's claims frivolous, the complaint is **DISMISSED** in accordance with 28 U.S.C. § 1915(e)(2)(B)(i). The government's motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim, Docket No. 12, is **DENIED** as moot, as is Plaintiff's motion to change the caption on the docket, Docket No. 13. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

*Elaine D. Kaplan*
ELAINE D. KAPLAN
Judge